MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
DANIEL TEXCAHAU CEREZO, *individually*
*and on behalf of others similarly situated,*

                                   *Plaintiff,*

          -against-

53 WEST 72ND STREET CAFE LLC  (D/B/A
THE DAKOTA BAR), PHUMAN SINGH,
MANJIT SINGH, LAKHVIR SINGH, and
JENNIFER KLEIN,

                             *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

        Plaintiff Daniel Texcahau Cerezo ("Plaintiff Texcahau" or "Mr. Texcahau"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against 53 WEST 72ND STREET CAFE LLC (d/b/a The Dakota Bar), ("Defendant Corporation"), Phuman Singh,  Manjit Singh,  Lakhvir Singh, and Jennifer Klein, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

        1.     Plaintiff Texcahau is a former employee of Defendants 53 WEST 72ND STREET CAFE LLC (d/b/a The Dakota Bar), Phuman Singh, Manjit Singh, Lakhvir Singh, and Jennifer Klein.

        2.      Defendants own, operate, or control a bar and restaurant, located at 53 West 72nd Street, New York, New York 10023 under the name "The Dakota Bar".

3.      Upon information and belief, individual Defendants Phuman Singh, Manjit Singh, Lakhvir Singh, and Jennifer Klein, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Texcahau was employed as a busboy, food runner, and bar back at the restaurant located at 53 West 72nd Street, New York, New York 10023.

5.      Plaintiff Texcahau was ostensibly employed as a busboy, food runner, and bar back. However,  he was  required to spend a considerable part of his work day performing non-tipped duties, including but not limited to washing dishes, running errands, cleaning the bathrooms, taking out the trash, mopping and sweeping the restaurant, stocking incoming deliveries of inventory and bringing up items from the basement for the kitchen  (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Texcahau worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Texcahau appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Texcahau wages on a timely basis.

9.      Defendants employed and accounted for Plaintiff Texcahau as a busboy, food runner, and bar back in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Texcahau at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Texcahau's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Texcahau's actual duties in payroll records by designating him as a busboy, food runner, and bar back instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Texcahau at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

13.     Defendants' conduct extended beyond Plaintiff Texcahau to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Texcahau and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Texcahau now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Texcahau seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Texcahau's state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a bar and restaurant located in this district. Further, Plaintiff Texcahau was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Daniel Texcahau Cerezo ("Plaintiff Texcahau" or "Mr. Texcahau") is an adult individual residing in Queens County, New York.

20.     Plaintiff Texcahau was employed by Defendants at The Dakota Bar from approximately November 2016 until on or about December 18, 2019.

21.     Plaintiff Texcahau consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all relevant times, Defendants owned, operated, or controlled a bar and restaurant, located at 53 West 72nd Street, New York, New York 10023 under the name "The Dakota Bar".

23.     Upon information and belief, 53 WEST 72ND STREET CAFE LLC (d/b/a The Dakota Bar) is a domestic corporation organized and existing under the laws of the State of New

York. Upon information and belief, it maintains its principal place of business at 53 West 72nd Street, New York, New York 10023.

24.     Defendant Phuman Singh is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Phuman Singh is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Phuman Singh possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Texcahau, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Manjit Singh is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Manjit Singh is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Manjit Singh possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Texcahau, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Lakhvir Singh is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Lakhvir Singh is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Lakhvir Singh possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Texcahau, establishes the

schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Jennifer Klein is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jennifer Klein is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jennifer Klein possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Texcahau, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

28.     Defendants operate a bar and restaurant located in the Upper West Side section of Manhattan in New York City.

29.     Individual Defendants, Phuman Singh, Manjit Singh, Lakhvir Singh, and Jennifer Klein, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.     Each Defendant possessed substantial control over Plaintiff Texcahau's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Texcahau, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiff Texcahau (and all similarly situated employees) and are Plaintiff Texcahau's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiff Texcahau and/or similarly situated individuals.

34.     Upon information and belief, Individual Defendants Phuman Singh, Manjit Singh, Lakhvir Singh, and Jennifer Klein operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiff Texcahau's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Texcahau, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Texcahau's services.

36.     In each year from 2016 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

38.     Plaintiff Texcahau is a former employee of Defendants who ostensibly was employed as busboy, food runner, and bar back. However, he spent over 20% of each shift performing the non-tipped duties described above.

39.     Plaintiff Texcahau seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Daniel Texcahau Cerezo*

40.     Plaintiff Texcahau was employed by Defendants from approximately November 2016 until on or about December 18, 2019.

41.     Defendants ostensibly employed Plaintiff Texcahau as a busboy, a food runner, and a bar back.

42.     However, Plaintiff Texcahau was also required to spend a significant portion of his work day performing the non-tipped duties described above.

43.     Although Plaintiff Texcahau ostensibly was employed as a busboy, a food runner, and a bar back, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

44.     Plaintiff Texcahau regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

45.     Plaintiff Texcahau's work duties required neither discretion nor independent judgment.

46.     Throughout his employment with Defendants, Plaintiff Texcahau regularly worked in excess of 40 hours per week.

47.     From approximately November 2016 until on or about December 2017, Plaintiff Texcahau worked as a busboy, as a food runner, and as a bar back from approximately 3:00 p.m. until on or about 9:00 p.m. to 10:00 p.m., Wednesdays, Thursdays and Sundays and from approximately 3:00 PM until on or about 11:00 P.M., Fridays and Saturdays (typically 34 to 37 hours per week).

48.     From approximately January 2018 until on or about December 18, 2019, Plaintiff Texcahau worked as a busboy, as a food runner, and as a bar back from approximately 10:30 A.M. until on or about 6:30 P.M., Wednesdays, from approximately 6:00 p.m. until on or about 2:00 a.m., Thursdays, from approximately 6:00 p.m. until on or about 4:00 a.m., Fridays and Saturdays, and from approximately 9:00 a.m. until on or about 6:00 p.m., Sundays (typically 42 hours per week).

49.     For his first three weeks of employment, Defendants paid Plaintiff Texcahau his wages in a combination of check and cash.

50.     Throughout the rest of his employment he was paid only his tips in cash, no wages.

51.     For a period of three weeks during November 2016, Defendants paid Plaintiff Texcahau $230 to $250 per week.

52.    From approximately December 2016 until on or about December 18, 2019, Defendants failed to pay Plaintiff Texcahau any  wages for his work.

53.    For three years of employment, Plaintiff Texcahau was only paid his tips, he was not paid an hourly wage.

54.    Plaintiff Texcahau's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

55.    For example, Defendants required Plaintiff Texcahau to start working 1 hour prior to is scheduled start time from January 2018 to December 2019 every day, and did not pay him for the additional time he worked.

56.    Defendants never granted Plaintiff Texcahau any breaks or meal periods of any kind.

57.    Plaintiff Texcahau was never notified by Defendants that his tips were being included as an offset for wages.

58.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Texcahau's wages.

59.    Plaintiff Texcahau was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

60.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Texcahau regarding overtime and wages under the FLSA and NYLL.

61.    Defendants did not provide Plaintiff Texcahau an accurate statement of wages, as required by NYLL 195(3).

62.    Defendants did not give any notice to Plaintiff Texcahau, in English and in Spanish (Plaintiff Texcahau's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

63.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Texcahau (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

64.     Plaintiff Texcahau was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

65.     Defendants' pay practices resulted in Plaintiff Texcahau not receiving payment for all his hours worked, and resulted in Plaintiff Texcahau's effective rate of pay falling below the required minimum wage rate.

66.     Defendants habitually required Plaintiff Texcahau to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

67.     Defendants required Plaintiff Texcahau and all other busboy, food runner, and bar backs to perform general non-tipped tasks in addition to their primary duties as busboys, food runners, and bar backs.

68.     Plaintiff Texcahau and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

69.     Plaintiff Texcahau's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

70.      Plaintiff Texcahau and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

71.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Texcahau's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

72.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

73.     In violation of federal and state law as codified above, Defendants classified Plaintiff Texcahau and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

74.     Defendants failed to inform Plaintiff Texcahau who received tips that Defendants intended to take a deduction against Plaintiff Texcahau's earned wages for tip income, as required by the NYLL before any deduction may be taken.

75.     Defendants failed to inform Plaintiff Texcahau who received tips, that his tips were being credited towards the payment of the minimum wage.

76.     Defendants failed to maintain a record of tips earned by Plaintiff Texcahau who worked as a busboy, food runner, and bar back for the tips he received.

77.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

78.     Defendants paid Plaintiff Texcahau his wages in a combination of check and cash for his first three weeks and afterwards they did not pay him any wages for his work.

79.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

80.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Texcahau (and similarly situated individuals) worked, and to avoid paying Plaintiff Texcahau properly for his full hours worked.

81.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

82.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Texcahau and other similarly situated former workers.

83.     Defendants failed to provide Plaintiff  Texcahau and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

84.     Defendants failed to provide Plaintiff Texcahau and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

85.      Plaintiff Texcahau brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

86.      At all relevant times, Plaintiff Texcahau and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

87.      The claims of Plaintiff Texcahau stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

88.      Plaintiff Texcahau repeats and realleges all paragraphs above as though fully set forth herein.

89.      At all times relevant to this action, Defendants were Plaintiff Texcahau's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Texcahau (and the FLSA Class Members), controlled the terms and

conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

90.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

91.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

92.     Defendants failed to pay Plaintiff Texcahau (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

93.     Defendants' failure to pay Plaintiff Texcahau (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

94.     Plaintiff Texcahau (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

95.     Plaintiff Texcahau repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Texcahau (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

97.     Defendants' failure to pay Plaintiff Texcahau (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

98.     Plaintiff Texcahau (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

99.      Plaintiff Texcahau repeats and realleges all paragraphs above as though fully set forth herein.

100.     At all times relevant to this action, Defendants were Plaintiff Texcahau's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Texcahau, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

101.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Texcahau less than the minimum wage.

102.     Defendants' failure to pay Plaintiff Texcahau the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

103.     Plaintiff Texcahau was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

104.     Plaintiff Texcahau repeats and realleges all paragraphs above as though fully set forth herein.

105.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Texcahau  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

106.     Defendants' failure to pay Plaintiff Texcahau overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

107.     Plaintiff Texcahau was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

108.     Plaintiff Texcahau repeats and realleges all paragraphs above as though fully set forth herein.

109.     Defendants failed to provide Plaintiff Texcahau with a written notice, in English and in Spanish (Plaintiff Texcahau's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

110.     Defendants are liable to Plaintiff Texcahau in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

111.     Plaintiff Texcahau repeats and realleges all paragraphs above as though fully set forth herein.

112.     With each payment of wages, Defendants failed to provide Plaintiff Texcahau with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

113.    Defendants are liable to Plaintiff Texcahau in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

114.    Plaintiff Texcahau repeats and realleges all paragraphs above as though set forth fully herein.

115.    Defendants did not pay Plaintiff Texcahau on a regular weekly basis, in violation of NYLL §191.

116.    Defendants are liable to Plaintiff Texcahau in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Texcahau respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Texcahau and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Texcahau and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Texcahau's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Texcahau and the FLSA Class members;

(f)     Awarding Plaintiff Texcahau and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Texcahau and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Texcahau;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Texcahau;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Texcahau;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Texcahau's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Texcahau;

(m)      Awarding Plaintiff Texcahau damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)      Awarding Plaintiff Texcahau damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Texcahau liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Texcahau and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiff Texcahau and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

**<ins>JURY DEMAND</ins>**

Plaintiff Texcahau demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

        July 16, 2020

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                               By:      _____/s/ Michael Faillace_____
                                        Michael Faillace [MF-8436]
                                        60 East 42nd Street, Suite 4510
                                        New York, New York 10165
                                        Telephone: (212) 317-1200
                                        Facsimile: (212) 317-1620
                                        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

January 9, 2020

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                       Daniel Texcahau Cerezo

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                         9 de Enero 2020

*Certified as a minority-owned business in the State of New York*